# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 18- MJ-42
THE PREMISES LOCATED AT )
10515 NORTH HARVEY DRIVE, )
BATON ROUGE, LA 70815 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the _____Middle_____ District of _____Louisiana_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Possession of a firearm by a convicted felon |
| 18 U.S.C. § 924(c) | Possession of a firearm in furtherance of drug trafficking |
| 21 U.S.C. § 841(a)(1) | Possession with the intent to distribute a controlled substance |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Resa Davis, Task Force Officer (ATF)
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/02/2018

*Judge's signature*

City and state: Baton Rouge, Louisiana

Richard L. Bourgeois, Jr., U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Resa Davis, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as 10515 North Harvey Drive, Baton Rouge, LA (hereinafter, the "PREMISES") further described in Attachment A, for the things described in Attachment B.

2. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and have been since 2015. I am employed by the East Baton Rouge Parish Sheriff's Office, and am a lieutenant assigned to the homicide division. I have been a deputy with the EBRSO for 21 years. I have over 17 years of narcotics experience, six with the Drug Enforcement Administration ("DEA") as a task force officer. I have conducted all types of narcotics investigations, and know that drug dealers use all types of tools to package and distribute narcotics, such as digital scales, baggies, and containers including Tupperware. Drug dealers often distribute drugs from residential homes in order to avoid detection. However, some drug dealers use vehicles to transport drugs to customer or to conceal their drugs. I also know that drug dealers frequently use firearms of all types, and also suppressors, to further their drug trafficking activities. Drug dealers are frequently the target of robberies and must also enforce any debts owed to them as a result of their drug sales. Drug dealers commonly use firearms to protect themselves and enforce debts. Drug dealers also commonly used cell phones to traffic in narcotics.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## DESCRIPTION OF PROPERTY TO BE SEARCHED

4. The PREMISES is a single story brick residence located at 10515 North Harvey Drive, Baton Rouge, Louisiana.

## PROBABLE CAUSE

### MARCH 1, 2018: DUSTIN HENDERSON AND CODY STAFFORD ARE CHARGED WITH VARIOUS DRUG-RELATED CRIMES

5. On March 1, 2018, a federal grand jury returned an indictment charging DUSTIN HENDERSON ("HENDERSON") and CODY STAFFORD ("STAFFORD") with various drug-related crimes. HENDERSON and STAFFORD were charged with conspiring to distribute, and to possess with intent to distribute, substances containing heroin, methamphetamine, and cocaine base. HENDERSON and STAFFORD were also each charged with one count of unlawful use of a communications facility.

6. The indictment was based on a lengthy investigation conducted by the Drug Enforcement Administration (hereinafter, the "DEA"). During its investigation, the DEA identified JAMES CHRISTIAN HULL ("HULL") as a drug trafficker who dealt in heroin, methamphetamine, and crack cocaine. The DEA identified STAFFORD and HENDERSON as HULL associates who, at the direction and on behalf of HULL, trafficked in the aforementioned substances. During the course of the investigation, the DEA received authorization to intercept

2

wire and electronic communications on a cellular telephone belonging to HULL. During that interception, agents heard numerous drug-related calls involving HULL, STAFFORD, and HENDERSON.

**MARCH 2, 2018: AUTHORITIES ARREST HENDERSON AND STAFFORD AT 10515 NORTH HARVEY DRIVE AND FIND GUNS AND DRUGS INSIDE**

7. On March 2, 2018, authorities with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and Drug Enforcement Administration entered 10515 North Harvey Drive, Baton Rouge, LA (hereinafter, the "PREMISES") in order to arrest HENDERSON and STAFFORD, who authorities knew resided there. Authorities had obtained federal warrants for their arrest based on the aforementioned indictment. HENDERSON is a convicted felon.

8. While inside the PREMISES, I saw in plain view a loaded Canta 12 gauge shotgun in the bedroom at the end of the hallway. I saw in plain view in the second bedroom on the left, next to the dresser, a Norinco 7.62 mm rifle.

9. I entered the first bedroom on the left with STAFFORD, who had entered the room to get her identification. While inside the first bedroom, STAFFORD told me that she had a .38 caliber Smith & Wesson pistol on the shelf in the closet. For officer safety, a SWAT officer took the pistol and unloaded it. It was loaded with five rounds.

10. On the stove in the kitchen, in plain view, I saw two black cylinders which appeared to be silencers. A silencer is a device that attaches to a firearm and is designed to reduce or eliminate the sound of a gunshot. Each cylinder was "threaded," thus allowing the user

3

to attach each cylinder to a firearm. Various tools were located near the cylinders, leading me to conclude that someone had manufactured these suppressors. A photograph of the two cylinders follows:



11. I also saw in plain view various types of ammunition throughout the house, including on the stove and in bedrooms.

12. Special Agent Carroll Landry of the ATF observed a magazine for an AR-15 in plain view in the living room. Outside, Landry observed a target attached to a tree and numerous shell casings located on the ground nearby.

4

13. I spoke with HENDERSON about the bedrooms in the house. HENDERSON stated that the entire house was his.

14. Two vacuum-sealed bags of marijuana were found inside the PREMISES in plain view. One vacuum-sealed bag was located on a table in the living room, and weighed approximately 45.5 grams. The second vacuum-sealed bag was located on the bed in the first bedroom to the left, and weighed approximately 28.8 grams. In my training and experience, both the weight of the bags and the manner in which they were packaged indicate that the marijuana was intended for further distribution.

15. Landry observed four cameras located outside of the house, attached to the soffit. The cameras were connected with an AV wire. The AV wire was run into the house and connected to a flat screen television and an electronic device resembling a DVR. Landry unplugged the AV wire, but before doing so, saw that the flat screen television was on and that the cameras were operational and recording.

**THE PREMISES IS A KNOWN DRUG STASH HOUSE**

16. Based on video collected from a pole camera and the interception of numerous telephone calls, authorities with the DEA identified the PREMISES as a drug stash house.

17. On April 6, 2017, at about 4:51 p.m., JAMES CHRISTIAN HULL ("HULL") directed a drug customer to STAFFORD's residence on Harvey, where HULL stated that STAFFORD had seven grams of methamphetamine available.

5

18. On April 6, 2017, at about 5:18 p.m., HULL received a call from a drug purchaser who complained that the heroin she just received from STAFFORD was not actual heroin. HULL told the purchaser to bring the heroin to HULL, and HULL would take care of it.

19. On April 7, 2017, at about 10:20 a.m., HULL received a call from STAFFORD. HULL directed STAFFORD to gather the proceeds from recent drug transactions to provide to him.

20. On April 13, 2017, at about 4:44 p.m., HULL sent a text message to STAFFORD stating, "Shut Down." Just two minutes earlier, at about 4:42 p.m., STAFFORD sent a text to HULL stating that she had seen marked police units. The two messages, taken together, lead me to conclude that HULL was directing STAFFORD to stop selling drugs.

21. On April 13, 2017, HULL called STAFFORD and told her to provide 1.5 grams of heroin to one customer and 1 gram of heroin and 0.5 grams of methamphetamine to another customer.

22. On April 14, 2017, at about 12:57 p.m., HULL and STAFFORD discussed the quantity of drugs which STAFFORD had at her residence (which authorities knew to be the PREMISES). STAFFORD said she had seven grams of heroin.

23. On April 15, 2017, at about 10:20 p.m., HULL called STAFFORD's telephone. HENDERSON answered the phone. HULL told HENDERSON that a drug purchaser was on his way to the PREMISES to purchase narcotics. About a minute before, HULL received a call

6

from the drug purchaser about purchasing heroin and methamphetamine; HULL told the purchaser that he would contact STAFFORD to let her know the drug purchaser was on the way.

24. On April 21, 2017, at about 3:58 p.m., STAFFORD texted HULL to let him know that a drug customer was at the PREMISES to purchase "food," which, based on its investigation, the DEA knows to be heroin.

25. On April 23, 2017, at about 9:41 p.m., HULL texted HENDERSON directing HENDERSON to sell "SHRIMPS" to a customer for $350. Based on their investigation, the DEA knows shrimp to be methamphetamine.

26. On May 2, 2017, HULL called STAFFORD to tell her that customers would be stopping by the PREMISES to get heroin for about $150.

27. On May 3, 2017, at about 10:28 p.m., HULL called HENDERSON and told him to sell "shrimp," i.e., methamphetamine, to various persons.

28. Between the dates of February 28, 2017, and May 7, 2017, authorities intercepted at least 50 additional text messages and telephone calls involving the PREMISES and the distribution of controlled substances. Such text messages and telephone calls are similar to those identified above.

## CONCLUSION

29. I submit that this affidavit supports probable cause for a warrant to search the PREMISES described in Attachment A and seize the items described in Attachment B.

Respectfully submitted,

Resa Davis
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to before me on March 2, 2018:

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

8

# ATTACHMENT A

*Property to be searched*

The property to be searched is the premises located at 10515 North Harvey Drive, Baton Rouge, LA 70815, further described as single-story house with a light-colored brick façade, including any outbuildings (including a plywood-looking structure located in the backyard) and vehicles located thereon. Photographs of the front of 10515 North Harvey Drive, and the plywood-looking structure, follow:





## **ATTACHMENT B**

*Property to be seized*

All records relating to violations of 18 U.S.C. §§ 922(g) and 924(c); 21 U.S.C. §§ 841, 844, and 846; and 26 U.S.C. § 5861:

1. Drug paraphernalia, including scales, plastic baggies, plastic wrappers, and other plastic materials used to house controlled substances for sale;

2. Pots, pans, blenders, presses, or other dishes, items or containers used to process, produce, or manufacture heroin, cocaine base, or methamphetamine for redistribution, and which may contain drug residue;

3. Sums of cash or currency;

4. Any firearms, ammunition, and/or firearm accessories;

5. Any silencers, components for silencers, and/or tools used in the manufacturing of silencers;

6. Any records of past, present or future drug transactions, including ledgers or logs containing information about other drug dealers or transactions;

7. Any records of past, present or future suppressor and/or firearms transactions, including ledgers or logs containing information about suppressors or firearms;

8. Any electronic devices such as cell phones, iPads, or computers that can be used to communicate about drug and firearm transactions;

9. Any electronic devices, digital media, or electronic media designed to record data from the security system;

10. Documents related to residency and/or ownership of the property being searched;

11. Financial records including tax documents, car rental receipts, car rental contracts, credit card receipts, and bank records; and

12. Photographs or videos related to narcotics distribution and laundering of financial instruments such as sums of currency, firearms, conspirators, narcotics, jewelry, cars, and homes.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

COPY

| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) Case No. 18-MJ-42 |
| THE PREMISES LOCATED AT 10515 NORTH HARVEY DRIVE, BATON ROUGE, LA 70815 | ) ) ) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the    Middle    District of    Louisiana
*(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment "B"

**YOU ARE COMMANDED** to execute this warrant on or before  March 16, 2018  *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Richard L. Bourgeois, Jr.  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   3/2/18 at 3:30pm        _____
                                                               *Judge's signature*

City and state:    Baton Rouge, Louisiana            Richard L. Bourgeois, Jr. U.S. Magistrate Judge
                                                               *Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is the premises located at 10515 North Harvey Drive, Baton Rouge, LA 70815, further described as single-story house with a light-colored brick façade, including any outbuildings (including a plywood-looking structure located in the backyard) and vehicles located thereon. Photographs of the front of 10515 North Harvey Drive, and the plywood-looking structure, follow:





## **ATTACHMENT B**

*Property to be seized*

All records relating to violations of 18 U.S.C. §§ 922(g) and 924(c); 21 U.S.C. §§ 841, 844, and 846; and 26 U.S.C. § 5861:

1. Drug paraphernalia, including scales, plastic baggies, plastic wrappers, and other plastic materials used to house controlled substances for sale;

2. Pots, pans, blenders, presses, or other dishes, items or containers used to process, produce, or manufacture heroin, cocaine base, or methamphetamine for redistribution, and which may contain drug residue;

3. Sums of cash or currency;

4. Any firearms, ammunition, and/or firearm accessories;

5. Any silencers, components for silencers, and/or tools used in the manufacturing of silencers;

6. Any records of past, present or future drug transactions, including ledgers or logs containing information about other drug dealers or transactions;

7. Any records of past, present or future suppressor and/or firearms transactions, including ledgers or logs containing information about suppressors or firearms;

8. Any electronic devices such as cell phones, iPads, or computers that can be used to communicate about drug and firearm transactions;

9. Any electronic devices, digital media, or electronic media designed to record data from the security system;

10. Documents related to residency and/or ownership of the property being searched;

11. Financial records including tax documents, car rental receipts, car rental contracts, credit card receipts, and bank records; and

12. Photographs or videos related to narcotics distribution and laundering of financial instruments such as sums of currency, firearms, conspirators, narcotics, jewelry, cars, and homes.